**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:   Mary Washington Nelson, Debtor                     Case No. 25-01291-JAW
                                                                                                    CHAPTER 13

## NOTICE OF FILING CHAPTER 13 PLAN AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

The above-named Debtor has filed a *Chapter 13 plan and Motions for Valuation and Lien Avoidance* (the "Plan") with the Bankruptcy Court in the above referenced case (see attachment).

Any objection to confirmation of the Plan or the motions contained therein shall be filed in writing with the Clerk of Court at Thad Cochran U.S. Courthouse 501 E. Court Street Suite 2.300 Jackson, MS 39201 on or before July 29, 2025. Copies of the objection must be served on the Trustee, US Trustee, Debtor, and Attorney for Debtor.

Objections to confirmation will be heard and confirmation determined on August 11, 2025 at 10:00 AM in the Thad Cochran U.S. Courthouse, Bankruptcy Courtroom 4C, 501 East Court Street, Jackson, MS 39201, unless the court orders otherwise. If no objection is timely filed, the Plan may be confirmed without a hearing.

Date: June 10, 2025                              /s/ Thomas C. Rollins, Jr.
                                                              *Thomas C. Rollins, Jr., Attorney for Debtor*

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Mary Washington Nelson** |
| | Full Name (First, Middle, Last) |
| Debtor 2 | |
| (Spouse, if filing) | Full Name (First, Middle, Last) |
| United States Bankruptcy Court for the | **SOUTHERN DISTRICT OF MISSISSIPPI** |
| Case number: | **25-01291** |
| (If known) | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

_____

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance         12/17

### Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

### Part 2: Plan Payments and Length of Plan

**2.1      Length of Plan.**

The plan period shall be for a period of __**60**__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2      Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay __**$1,994.05**__ (☑ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

_____
_____
_____

APPENDIX D                                Chapter 13 Plan                                Page 1

| Debtor | **Mary Washington Nelson** | Case number | **25-01291** |
|---|---|---|---|

Joint Debtor shall pay _____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

**2.3    Income tax returns/refunds.**

*Check all that apply*

☑ Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

Part 3:    **Treatment of Secured Claims**

**3.1    Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

*Check all that apply.*
☐    **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.1(a)** ☑ **Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

| 1 | Mtg pmts to | **USDA Rural Dev** | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Beginning | **July 2025** | @ | **$595.00** | ☑ Plan | ☐ Direct. | Includes escrow | ☑ Yes | ☐ No |

| 1 | Mtg arrears to | **USDA Rural Dev** | Through | **June 2025** | **$70,000.00** |
|---|---|---|---|---|---|

**3.1(b)** ☐    **Non-Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

Property **-NONE-**
address:
Mtg pmts to
Beginning   month                  @                        Plan        Direct.      Includes escrow Yes No

Property **-NONE-**  Mtg arrears to _____ Through _____ _____

**3.1(c)** ☐    **Mortgage claims to be paid in full over the plan term:** Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor.

Creditor:    **-NONE-**            Approx. amt. due:                  Int. Rate*:

Property Address:
Principal Balance to be paid with interest at the rate above: _____
(as stated in Part 2 of the Mortgage Proof of Claim Attachment)
Portion of claim to be paid without interest: $ _____
(Equal to Total Debt less Principal Balance)

Special claim for taxes/insurance: $ ____**-NONE-**____ /month, beginning ___month___ .
(as stated in Part 4 of the Mortgage Proof of Claim Attachment)

| Debtor | **Mary Washington Nelson** | Case number | **25-01291** |
|---|---|---|---|

* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District
  *Insert additional claims as needed.*

**3.2** **Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*.

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3** **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☑ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4** **Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5** **Surrender of collateral.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| Mutual Credit Union | 2012 Chevrolet Silverado 295000 miles |
| OneMain | 2019 Massimo 493 cc 4-wheeler |

*Insert additional claims as needed.*

### Part 4: Treatment of Fees and Priority Claims

**4.1** **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2** **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3** **Attorney's fees.**

☑ No look fee: **4,600.00**

Total attorney fee charged: $**4,600.00**

Attorney fee previously paid: $**2,622.00**

Attorney fee to be paid in plan per confirmation order: $**1,978.00**

☐ Hourly fee: $_____. (Subject to approval of Fee Application.)

**4.4** **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☑ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5** **Domestic support obligations.**

Mississippi Chapter 13 Plan — Page 3

| Debtor | **Mary Washington Nelson** | Case number | **25-01291** |
|---|---|---|---|

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $
☑ **0.00** % of the total amount of these claims, an estimated payment of $ **0.00**
☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**0.00**
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2** **Other separately classified nonpriority unsecured claims (special claimants).** *Check one*.

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**7.1** Property of the estate will vest in the debtor(s) upon entry of discharge.

### Part 8: Nonstandard Plan Provisions

**8.1** **Check "None" or List Nonstandard Plan Provisions**
☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**
 **Co-signer to pay Mutual Credit Union direct for 2012 Chevy Silverado**

### Part 9: Signatures:

**9.1** **Signatures of Debtor(s) and Debtor(s)' Attorney**
*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X **/s/ Mary Washington Nelson**                    X _____
**Mary Washington Nelson**                                  Signature of Debtor 2
Signature of Debtor 1

Executed on **June 5, 2025**                          Executed on _____

**75 Ann Dr**                                              _____
Address                                                    Address
**Benton MS 39039-0000**

**Mississippi Chapter 13 Plan**                                                    Page 4

| | | | |
|---|---|---|---|
| Debtor | **Mary Washington Nelson** | Case number | **25-01291** |

City, State, and Zip Code

Telephone Number

City, State, and Zip Code

Telephone Number

X **/s/ Thomas C. Rollins, Jr.**
**Thomas C. Rollins, Jr. 103469**
Signature of Attorney for Debtor(s)
**P.O. Box 13767**
**Jackson, MS 39236**
Address, City, State, and Zip Code
**601-500-5533**
Telephone Number
**trollins@therollinsfirm.com**
Email Address

Date **June 5, 2025**

**103469 MS**
MS Bar Number

## **CERTIFICATE OF SERVICE**

I, Thomas C. Rollins, Jr., attorney for the Debtor, do herby certify that by filing the attached Notice and Chapter 13 Plan, I have caused the following partied to be served electronically via ECF:

Case Trustee
Office of the US Trustee

I further certify that I have this day served a true and correct copy of the Notice and Chapter 13 Plan by US Mail, postage prepaid, to all other parties listed on the attached master mailing list (matrix).

Date: June 10, 2025                    /s/ Thomas C. Rollins, Jr.
                                       *Thomas C. Rollins, Jr., Attorney for Debtor*

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:<br>MARY WASHINGTON NELSON | CASE NO: 25-01291<br>**DECLARATION OF MAILING**<br>**CERTIFICATE OF SERVICE**<br>Chapter: 13 |

On 6/10/2025, I did cause a copy of the following documents, described below,

Notice and Plan

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 6/10/2025

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

The Rollins Law Firm
702 West Pine St
Hattiesburg, MS  39401
601 500 5533
trollins@therollinsfirm.com

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

| IN RE: | CASE NO: 25-01291 |
|---|---|
| MARY WASHINGTON NELSON | **CERTIFICATE OF SERVICE DECLARATION OF MAILING** |
| | Chapter: 13 |

On 6/10/2025, a copy of the following documents, described below,

Notice and Plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 6/10/2025

_____
Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 West Pine St
Hattiesburg, MS  39401

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

| CASE INFO | EXCLUDE | EXCLUDE |
|---|---|---|
| LABEL MATRIX FOR LOCAL NOTICING<br>NCRS ADDRESS DOWNLOAD<br>CASE 25-01291<br>SOUTHERN DISTRICT OF MISSISSIPPI<br>TUE JUN 10 8-20-44 PST 2025 | ~~(U)UNITED STATES OF AMERICA ACTING~~<br>~~THROUGH THE~~ | ~~US BANKRUPTCY COURT~~<br>~~THAD COCHRAN US COURTHOUSE~~<br>~~501 E COURT STREET~~<br>~~SUITE 2300~~<br>~~JACKSON   MS 39201-5036~~ |
| 7TH AVESWISS COLONY<br>ATTN BANKRUPTCY<br>1112 7TH AVE<br>MONROE   WI 53566-1364 | AIDVANTAGE<br>ATTN BANKRUPTCY<br>PO BOX 300001<br>GREENVILLE   TX 75403-3001 | BRAYDEN JONES<br>1829 HIGHWAY 432<br>BENTON   MS 39039-8230 |
| CAPITAL ONE<br>ATTN BANKRUPTCY<br>PO BOX 30285<br>SALT LAKE CITY   UT 84130-0285 | CITIBANK<br>ATTN BANKRUPTCY<br>PO BOX 790040<br>ST LOUIS   MO 63179-0040 | COMENITY CAPITAL BANK<br>PO BOX 183003<br>COLUMBUS   OH 43218-3003 |
| FIRST PREMIER BANK<br>3820 N LOUISE AVE<br>SIOUX FALLS   SD 57107-0145 | HALLIDAY   WATKINS   MAN<br>376 E 400TH S<br>STE 300<br>SALT LAKE CITY   UT 84111-2906 | LABREKA MCGEE<br>1829 HWY 432<br>BENTON   MS 39039-8230 |
| MICHAEL LINDSEY   ESQ<br>HALLIDAY   WATKINS   MANN   PC<br>FOR UNITED STATES OF AMERICA ACTING THRO<br>244 INVERNESS CENTER DR   STE 200<br>BIRMINGHAM   AL 35242-4834 | MIDLAND CREDIT MGMT<br>ATTN BANKRUPTCY<br>PO BOX 939069<br>SAN DIEGO   CA 92193-9069 | MUTUAL CREDIT UNION<br>ATTN BANKRUPTCY<br>PO BOX 25<br>VICKSBURG   MS 39181-0025 |
| ONEMAIN<br>PO BOX A142<br>EVANSVILLE   IN 47701 | US ATTORNEY GENERAL<br>US DEPT OF JUSTICE<br>950 PENNSYLVANIA AVENW<br>WASHINGTON   DC 20530-0001 | USDA RURAL DEV<br>ATTN BANKRUPTCY DEPT<br>PO BOX 66889<br>ST LOUIS   MO 63166-6889 |
|  | EXCLUDE | EXCLUDE |
| USDA RURAL DEVELOPMENT<br>CO US ATTORNEY<br>501 E COURT ST<br>STE 4401<br>JACKSON   MS 39201-5022 | ~~UNITED STATES TRUSTEE~~<br>~~501 EAST COURT STREET~~<br>~~SUITE 6-430~~<br>~~JACKSON   MS 39201-5022~~ | ~~HAROLD J BARKLEY JR~~<br>~~PO BOX 4476~~<br>~~JACKSON   MS 39296-4476~~ |
| DEBTOR |  |  |
| MARY WASHINGTON NELSON<br>75 ANN DR<br>BENTON   MS 39039-6009 | THOMAS CARL ROLLINS JR<br>THE ROLLINS LAW FIRM   PLLC<br>PO BOX 13767<br>JACKSON   MS 39236-3767 |  |